FILED

# United States District Court

AUG 1 2006

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

_____MIDDLE_____ DISTRICT OF _____ALABAMA_____

UNITED STATES OF AMERICA

v.

EUGENE L. CLECKLER, and
KIM CLECKLER

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 2:06mj76-W

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about <u>November, 1996, through November, 2000,</u> in <u>Chilton</u> County, in the <u>Middle</u> District of <u>Alabama</u> defendant(s) did, (Track Statutory Language of Offense)

See Attachment A

travel in interstate commerce with intent to avoid prosecution, in violation of <u>18 USC 371, 18 USC 2(a) and 2(b), & 26 USC 7212(a)</u>.

I further state that I am a <u>Special Agent with Internal Revenue Service/Criminal Investigation Division</u> and that this complaint is based on the following facts:
Official Title

See Attachment B

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

<u>AUGUST 1, 2006</u> at <u>Montgomery, Alabama</u>
Date                                                                  City and State

SUSAN RUSS WALKER
United States Magistrate Judge
Name & Title of Judicial Officer         Signature of Judicial Officer

## **ATTACHMENT A**

### **COUNT 1**

From at least as early as in or about November 1996 through at least as late as November 2000, in Chilton County, Alabama, in the Middle District of Alabama, and elsewhere, the defendants herein,

**EUGENE L. CLECKLER and
KIM CLECKLER**

did conspire among themselves and with others to defraud the United States and an agency thereof for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service ("IRS") in the ascertainment, computation, assessment, and collection of revenue, that is, income taxes, and in order to effect the object of the conspiracy, Eugene L. Cleckler ("Eugene"), Kim Cleckler ("Kim"), and their co-conspirators committed and willfully caused to be committed a number of acts, including but not limited to the following:

a. in or about November 1996, in Clanton, Alabama, a co-conspirator created false documents purporting to show amounts that Gene's Marine Sales ("Gene's") had paid or owed to suppliers;

b. from in or about May 2000 through in or about November 2000, in Clanton, Alabama, Eugene instructed co-conspirators to create false documents purporting to be invoices and quotations from Ezy-Ryder, Inc. ("Ezy") to Ezy's customers, as well as deposit slips relating to the transactions;

c. from in or about May 2000 through in or about November 2000, in Clanton, Alabama, Kim assisted co-conspirators in creating the false documents referred to in paragraph b;

d. on or about August 8, 2000, an attorney for Eugene and Kim (the "Attorney") delivered false Ezy invoices to a IRS Revenue Agent ("Agent") in Montgomery, Alabama;

e.  on or about August 23, 2000, a co-conspirator transported false Ezy documents from Clanton, Alabama to the Attorney in Birmingham, Alabama; and

f.  on or about November 16, 2000, the Attorney delivered false and altered Ezy documents to the Agent in Montgomery, Alabama.

All in violation of Title 18, United States Code, Sections 371 and 2(b).

## COUNT 2

From at least as early as in or about May 2000 through at least as late as in or about November 2000, in the Middle District of Alabama, and elsewhere, the defendants

EUGENE L. CLECKLER and
KIM CLECKLER

while aiding and abetting each other and while being aided and abetted by each other and by others, did corruptly obstruct and impede, and did endeavor to obstruct and impede the due administration of the internal revenue laws by willfully causing the creation and presentation of forged and altered documentation to the IRS, in violation of Title 26, United States Code, Section 7212(a) and Title 18, United States Code, Sections 2(a) and 2(b).

**ATTACHMENT B**

MIDDLE DISTRICT OF ALABAMA

MONTGOMERY, ALABAMA

State of Alabama

County of Montgomery

I, the undersigned affiant, being duly sworn and deposed, state the following is true and correct to the best of my knowledge and belief.

1. I am a Special Agent with the Criminal Investigation Division of the Internal Revenue Service, and I am the case agent for the investigation of Kim and Eugene Cleckler. This Affidavit is based on my own investigation and review of documents.

2. Eugene and Kim Cleckler, who are father and son, are partners in the business Gene's Marine Sales ("Gene's"), with locations in Clanton, Montgomery, and Irondale, Alabama. Eugene is the sole shareholder of Ezy-Ryder Corp. ("Ezy"). Gene's and Ezy are in the business of the manufacture, sale, and repair of boats and boat trailers.

3. In 1996, Revenue Agent Frank Brand (the "Agent") began an audit of Gene's for the tax years 1994 and 1995, which he later expanded to include Ezy. Any change to Gene's tax obligation would have flowed through directly to the partners, Eugene and Kim.

4. During the early portion of the audit, Gene's made available for the Agent's review certain documents purporting to show the amounts paid by Gene's to its suppliers. These documents purported to confirm the accuracy of the expenses declared by Gene's.

5. These documents were forgeries. In two interviews, Gene's employee Tanya Morris stated that she had been hired by Gene's in September 1996 to assist in the ongoing IRS audit. When she first began her employment, she was working on accounts payable. Sometime thereafter, Eugene

began instructing her to alter the documents to inflate Gene's accounts payable balances. Eugene provided her with the account payable balances that she had to match. She worked closely with Eugene on this project. In addition, on several occasions Kim was present when she met with Eugene, and Kim gave Morris his opinion on which items he thought could be altered and increased.

6.  In addition to her statement, Morris provided me with both the original genuine documents that had been faxed to Gene's by its suppliers, as well as the altered documents that were provided to the Agent. My examination of these documents revealed that each document had been altered to increase the amount that Gene's had paid to the supplier. My examination further revealed that this alteration was accomplished by either (a) whiting out the original amounts shown on the invoice and inserting a larger amount, or (b) adding additional numbers to the original amounts. After altering the documents, they were copied so that the alterations could not be seen. Based on my review of the documents, it appears that the alterations took place in approximately November 1996.

7.  On or about July 15, 1999, attorney Edward Selfe filed an IRS Form 2848, advising that he would serve as the power of attorney ("POA") for Gene's, Ezy, and Kim in connection with the audit. On or about March 7, 2000, Selfe filed a Form 2848 with respect to Eugene.

8.  Prior to Selfe's filing of the POA, the issue arose as to whether revenue that had been declared on Ezy's return had in fact been earned by Gene's. This was significant because Ezy had losses against which the revenue could be offset, while Gene's did not. Thus, a finding that the revenue had been earned by Gene's would have increased the tax liability of the Clecklers.

9.  To confirm that Ezy rather than Gene's had earned the revenue in question, during the period from in or about August 2000 through in or about November 2000, Selfe provided to the

Agent documents purporting to be invoices from Ezy to its customers, deposit tickets that purported to show the funds deposited as a result of the payment of the invoices, and handwritten quotations relating to the transactions.

10. The invoices and handwritten quotations Selfe provided were forged in their entirety; the deposit tickets were altered. I confirmed this as follows:

   a. I contacted several of the customers, who confirmed the documents' fraudulent nature. In other cases, the name and address of the purported customer was fictitious.

   b. I interviewed Morris, who stated that she and employee Cleveland Brown were told by Eugene to create sales invoices tied to various Ezy deposit slips, and that she and Brown complied and created fictitious invoices. Morris stated that Eugene directed her to use names that were not traceable, and that she made the customers' names up. Morris also stated that Kim was actively involved in the creation of the false invoices and was aware of Brown's role.

   c. I interviewed Brown. Brown stated that Eugene came to him and told him that they had to create false sales and repair invoices and Brown complied. Brown also stated that after the Agent asked for additional information relating to the false invoices, Brown, Kim, and Eugene met in a back office and prepared false handwritten job estimates to tie in with the bank deposits. Brown delivered the documentation to Selfe's office.

11. Based on witness interviews, my review of documents produced by Selfe, and time records contemporaneously maintained by the Agent, it appears that these events took place during the following time frame:

   a. The falsification of documentation was underway beginning in late May 2000;

   b. On or about August 8, 2000, Selfe delivered the forged invoices and altered

-3-

deposit slips for tax year 1994 to the Agent in Montgomery.

      c.     Sometime between August 8, 2000 and August 23, 2000, Brown transported the forged invoices and altered deposit slips for tax year 1995 from Gene's office in Clanton to Selfe's office in Birmingham.

      d.     On September 6, 2000, the Agent reviewed the 1995 forged invoices and altered deposit slips at Selfe's office in Birmingham.

      e.     On November 16, 2000, Selfe brought the forged handwritten quotations for 1995 to Montgomery, where Brand reviewed them.

      f.     Sometime after November 16, 2000, Selfe provided the forged handwritten quotations for 1994 to Brand. The place and method of delivery is not documented.

12.    I declare under penalty of perjury that the foregoing statements are true and correct.

                              B. Kyle Clark
                              Special Agent
                              Internal Revenue Service
                              Criminal Investigation Division
                              Montgomery, Alabama

Subscribed and sworn to before me this /s/ day of August, 2006

                              U.S. Magistrate Judge